HARDY, Judge.
This suit was instituted by plaintiff as-an action of jactitation, and converted by defendant’s answer into a petitory action. As against defendant’s claims of title plaintiff interposed a plea of prescription of ten years acquirendi causa, which plea was-sustained by the district Judge. Accordingly, defendant’s demands were rejected and plaintiff was declared to be the owner of the particularly described fifty-five acre tract of land located in Bienville Parish,. Louisiana. From this judgment defendant has appealed.
The pertinent facts are as follows: The land in controversy, owned by Henry Jackson plaintiff herein, was conveyed by him to J. E. Smelley by instrument dated March 17, 1925. By tax deed dated July 5, 1930, S. B. Norred, defendant herein, purchased this property, together with other lands belonging to Smelley, all of which were sold for unpaid taxes for the year 1929. It appears from the testimony of J. E. Smelley that at some undisclosed date he redeemed all of the property included in the tax sale to Norred with the exception of the tract which he had acquired from Jackson. On *283 February 27, 1935, Smelley conveyed the ■tract of land here involved to this plaintiff, Henry Jackson, which instrument recited that the property was conveyed with “full guarantee of title”. The consideration set forth was the assumption by the vendee of '“all indebtedness against said property, particularly a mortgage to the Federal Land Bank in New Orleans, recorded in Mortgage Records of Bienville Parish, La., being Mortgage No. 55263.” Under the deed from Smelley, Henry Jackson went into possession of the property in 1935 as owner and has remained in possession as such continuously since said year.
The only question before the Court has been clearly stated and set forth in able brief of defendant’s counsel as follows: “It is therefore apparent that the law is ■clear and the sole question to be determined by the court in this case, as has been previously mentioned, is whether or not Henry Jackson was aware of the claim which S. B. Norred had to the property át the time he acquired a deed from J. E. Smelley, and was aware of the fact that Norred had acquired the property at tax sale.”
In other words, the issue presented is whether Jackson went into possession of the property under the Smelley deed of 1935 in good faith, having just reason to believe himself the master of the thing into which he entered into possession, under Article 3451 of the Civil Code.
It seems to be conceded, by implication at least, that the question of good faith must depend upon the existence, vel non, ■of Jackson’s knowledge of the ownership ■of Norred by virtue of the unredeemed tax sale of 1930. It is quite true that both Nor-red and Smelley testified that they had informed Jackson as to the true facts, that is, the existence of the tax sale to Norred. These parties also testified that Jackson was told he would have to redeem the tax ■sale in order to validate his ownership under the deed from Smelley. This testimony is stoutly denied by Jackson, who contends that he was never warned of any defect, and that he had no information which would impugn the good faith he asserts in having taken possession of the land under his deed from Smelley.
Obviously one or the other party is in error as to his recollection of facts and upon the determination of this vital fact must r.est the resolution of the ownership of the property.
At the outset of our consideration of the question we note that it was determined by the District Judge in favor of plaintiff, Jackson, and- this, of course, has strong influence upon our conclusion.
In view of the irreconcilable testimony, we think it well to turn to other practical points that enter into the matter. Certain questions at once spring to mind:
“Why did Norred, the purchaser of the property at tax sale in 1930, make no effort of any nature or degree to take possession thereof, or to assert 'his ownership until 1949 when it was first assessed in his name ?
“Why did Norred permit Jackson to enter into active possession and exercise every act of ownership and pay taxes on the property from 1935 to 1949?
“Why did Smelley execute a deed, valid on its face, conveying just title to Jackson and content himself, as he claims, by advising Jackson verbally of the necessity for him to ‘redeem the property’:
“Why did Smelley involve himself to the ■point of guaranteeing the title to the property if he advised his vendee of the defect in title?”
Satisfactory answers to these pertinent questions may not be supplied, to the advantage of the defendant, from any information contained in the record before us. We note that Norred insists that he allowed the Negro, Jackson, to remain in possession and to use the property simply as an act of charity, but we are far from convinced that he has sufficiently substantiated this explanation.
“Good faith is always presumed in matters of prescription; and he who alleges bad faith in the possessor, must prove it.” Article 3481, R.C.C.
The presumption of good faith is not destroyed by proof that the vendee had the means of obtaining knowledge of an existing defect in his title. Dupuy v. Joly, 197 La. 19, 200 So. 806.
*284 In the instant case defendant has failed to discharge the burden of proof by any preponderance of the evidence whatsq-ever.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.
KENNON, J., not participating.